UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. BARNES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1288 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The motion is denied.

In *Johnson*, the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In this case, movant pled guilty to conspiracy to distribute and possession with intent to distribute crack cocaine, and the Court sentenced him to 94 months' imprisonment. *United States v. Barnes*, 4:12-CR-184 HEA (E.D. Mo.). Movant was found to be a Career Offender

under U.S.S.G. § 4B1.1 because he had at least two prior convictions for controlled substance offenses.

In *Johnson*, the Supreme Court left intact the ACCA's enhanced penalty where the defendant's predicate offenses involved the distribution of or the possession with intent to distribute a controlled substance. Because movant's status as a career offender was not predicated on a prior conviction for a crime of violence, the residual clause of U.S.S.G. § 4B1.2(a) is not implicated and he is not entitled to relief under *Johnson*.

Finally, movant has not met the burden for issuing a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 15th day of August, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE